IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DORLAND GLOBAL HEALTH COMMUNICATIONS CORPORATION | : | CIVIL ACTION |
| | : | |
| v. | : | No. 09-3937 |
| INSTITUTES FOR PHARMACEUTICAL DISCOVERY, et al. | : | |

April 20, 2010

**MEMORANDUM**

This is a breach of contract action. Jurisdiction is diversity. 28 U.S.C. § 1332. According to the complaint, plaintiff Dorland Global Health Communications Corporation provided services to defendants Institutes for Pharmaceutical Discovery and Light Concept Distribution, Inc. under the parties' "Statement of Work." Dorland sues for payment of its invoices in the sum of $80,849.38. Complaint, ¶¶ 6-12. Defendants move to dismiss the action for improper venue. In the alternative, they request transfer to the District Court of Connecticut on grounds of *forum non conveniens* grounds.

Plaintiff is a Pennsylvania corporation with its principal place of business in Philadelphia. Defendants IPD and LCD are, respectively, Delaware and Connecticut corporations. Both have their principal places of business in Connecticut. They assert that under 28 U.S.C. § 1391(a) venue is proper only in the District of Connecticut and not in this district.[1] They rely on several New York district court decisions: <u>Dashman v. Peter Letterese & Assoc., Inc.</u>, 999 F.Supp. 553, 554 (S.D.N.Y 1998) ("[I]n a case in which all defendants reside in the same state, venue lies only in that state . . . . If, and only if,

---

[1] Defendants do not deny that substantial events giving rise to plaintiff's action took place in Pennsylvania.

defendants do not all reside in the same state, then and only then, venue lies in a district in which a substantial part of the events or omissions giving rise to the claim occurred."); Welch Foods, Inc. v. Packer, 1994 WL 665399 (W.D.N.Y., Nov. 22, 1994) ("there is no venue gap when all the defendants reside in one district, the statute should not be read to give the plaintiff the option of choosing among forums in such situations.").

No appellate authority supports defendants' interpretation of the venue statute, and this district has explicitly rejected it. See, e.g., School District of Phil. v. Pennsylvania Milk Marketing Bd., 877 F.Supp 245, 249 n.1 (E.D. Pa. 1995) (citations omitted) ("We are aware that the Second Circuit follows the disjunctive theory . . . . We do not find their reasoning to be more persuasive than the reasoning of our own district court, however, and decline to join them."). So, too, in this case, venue is held to be proper under § 1391(a)(2) and defendants' motion to dismiss for improper venue will be denied.

Defendants, in the alternative, request transfer to the District of Connecticut because of *forum non conveniens*. 28 U.S.C. § 1404(a) governs: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or divisions where it might have been brought." *Forum non conveniens* analysis requires a balancing of various private and public interests. Jumara v. State Farm Ins., 55 F.3d 873, 879-80 (3d Cir. 1995). "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." Scott v. DiGuglielmo, 615 F.Supp.2d 368, 374 (E.D. Pa. 2009) (citations omitted). That principle is particularly applicable where, as here,

plaintiff is a forum resident. Complaint, ¶ 1. Pro Spice, Inc. v. Omni Trade Group, Inc., 173 F.Supp.2d 336, 341 (E.D. Pa. 2001) (plaintiff's choice of forum is given even greater weight when forum is plaintiff's residence). Accordingly, plaintiff's choice of this forum must be given significant weight. Other private factors also point in that direction: (1) the claim arose here;[2] and (2) the financial ability to travel as between to two defendants is not contested. Further, while evidence sought from Gramercy, Inc., a Connecticut corporation, and its employees, may not be subject to the subpoena power of this court, no witness has been identified as unavailable or unwilling to testify. Superior Precast, Inc. v. Safeco Ins. Co. of Am., 71 F. Supp.2d 438, 447 (E.D. Pa. 1999) ("[Defendant] has not shown or suggested that those non-party witnesses would be unavailable or unwilling to testify in this district, as it must."). Public factors are neutral.

The undesirable result of a transfer would merely be to "shift the inconveniences" of appearing in a foreign forum from plaintiff to defendants. Elbeco, Inc. v. Estrella de Plato Corp., 989 F. Supp. 669, 679 (E.D. Pa. 1997). Accordingly, defendants' motion to transfer must be denied.

This action is subject to our district's compulsory arbitration rules, Eastern District

---

[2] The record, including the pleadings, the "Statement of Work" executed by the parties, and the affidavit of Mark Cristmyer, Vice-President and Group Account Director for plaintiff establishes, inter alia, the following: defendants contacted a Philadelphia company in order to gain entree for their products in this area; to that end, plaintiff planned and hosted at least two dinners in Philadelphia; and the "Statement of Work" contemplated travel to Philadelphia by defendant IPD.

3

Local Rule 53.2, and will be scheduled for an arbitration hearing the week of July 12, 2010.[3]

                        BY THE COURT:

                        /s/ Edmund V. Ludwig
                        Edmund V. Ludwig, J.

---

[3] Note - no continuance as of course.